J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Kerley Schaffer LLP
1939 Harrison Street, #500
Oakland, California 94612
Telephone: (510) 379-5801
Facsimile: (510) 228-0350

Attorneys for Plaintiff

UNITED STATED DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICOLE HICKCOX,** an individual, | Case No. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| **ROCKET MORTGAGE, LLC,** a Michigan Limited Liability Corporation, and DOES 1-10, | |
| Defendants. | |

Plaintiff Nicole Hickcox (Hickcox) alleges as follows, all on information and belief except as otherwise stated:

## PARTIES

1. Defendant Rocket Mortgage LLC (Rocket) is a Michigan limited liability corporation authorized and licensed to do business in the State of California as a seller and servicer of residential mortgages.
2. Rocket was previously known as Quicken Loans, LLC.
3. Plaintiff is a resident of the State of California.
4. DOES were or are employees and agents of one another and were acting within the course and scope of their express and/or apparent authority or were acting independently. Each DOE defendant is, in some manner, responsible for the damages alleged.

## JURISDICTION AND VENUE

5. Plaintiffs bring this Complaint under federal diversity jurisdiction 28 U.S.C. section 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.
6. Venue in this district is proper pursuant to 28 U.S.C. section 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Eastern District of California.

## INTRA-DISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the Sacramento Division of this Court because the agreement was entered into in El Dorado County, California, and the real property at the center of this controversy is located in El Dorado County, California.

## STATEMENT OF FACTS

8. Hickcox owns a home at 4371 Park Woods Drive, Pollock Pines, California (Property).
9. Rocket is her mortgage lender, under loan number 3432945629 (Loan), which closed on or about October 15, 2019.
10. The Loan resulted from a written contract between Rocket and Hickcox (Mortgage Contract).

COMPLAINT AND DEMAND FOR JURY TRIAL

11. At closing, Hickcox had in place a hazard insurance policy for the Property from California FAIR Plan (FAIR Plan), policy number CFP 2582186 00 (Policy).

12. At closing, and up to the date of the Loss, Hickcox timely and adequately contributed to an impound or escrow account held by Rocket, for the purpose of paying her hazard insurance, among other items.

13. Funds paid by Hickcox at closing and thereafter to Rocket for the purpose of payment of premiums for hazard insurance on the Property were held in trust by Rocket for Hickcox.

14. Rocket was obligated to timely fund Hickcox's hazard insurance.

15. Due to its role as trustee of funds paid to Rocket by Hickcox, Rocket acted as fiduciary to Hickcox as relate to the funds held in trust, and as relates to its obligation to timely and adequately pay premiums for the Policy.

16. Hickcox was informed and justifiably believed that at closing and thereafter Rocket had paid and would pay premiums for the Policy.

17. In March 2020 the Property was damaged as a result of storm (Loss).

18. Ms. Hickcox made a timely claim under the Policy (Claim).

19. Had the Policy been in force, the Loss would have been covered and all coverages under the Policy would have been available to Hickcox, including but not limited to repairs to the dwelling and other structures, repair and replacement of contents, debris removal, loss of use, and increased costs associated with the enforcement of building codes.

20. After the Loss, Hickcox learned that the Policy was not in force due to a failure by Rocket to use fund held in trust to pay Policy premiums.

21. FAIR Plan declined to pay any Policy benefits for the Claim because the Policy was not in force at the time of the Loss due to a failure by Rocket to use funds held in trust to pay Policy premiums.

22. Hickcox suffered substantial emotional distress as a result of learning that the Policy she justifiably believed was in place to protect her home in the event of a catastrophe had lapsed due to a failure by Rocket to pay policy premiums from funds held in trust by Rocket.

23. Hickcox contacted Rocket, which, after an investigation, determined Rocket was at fault for failing to pay premiums for the FAIR Plan policy from funds held in trust by Rocket on behalf of Hickcox.

24. Due to its violations of State and Federal law, Rocket agreed to pay for the Loss, without reservation, thus admitting that its violations of State and Federal law had resulted in harm to Hickcox.

25. Thereafter, having admitted its liability for failing to ensure that Hickcox's hazard insurance was in force on the date of the Loss, Rocket and its agents exacerbated its harm, and acted with fraud, malice, and oppression, by failing and refusing to adequately inform Hickcox of her rights, to conduct a competent investigation of the scope of damage and cost of repairs resulting from the Loss, and to compensate Hickcox for the Loss, which further misconduct resulted in additional damage to Hickcox, including but not limited to attorneys' fees, increased costs of repair, and emotional distress.

26. In October 2020, having previously admitted that its violations of State and Federal law resulted in a lapse of the Policy, Rocket paid the FAIR Plan premium to ensure the Policy was in force for the period October 2020 to October 2021.

27. In October 2021 Rocket received notification from FAIR Plan that the annual premium was due to ensure the Policy remained in effect.

28. As it had done previously, resulting uninsured liabilities, Rocket failed to use fund held in trust by Rocket on Hickcox's behalf to pay premiums to ensure the FAIR Plan Policy remained in force.

29. As a result of Rocket's failure to pay the October 2021 premium, the Policy went out of force again.

30. In December 2021, in violation of State and Federal law, without approval from Hickcox, and due to its own failure to pay funds held in trust to ensure the Policy remained in effect, Rocket purchased on behalf of Hickcox a "force-placed" policy of insurance which fails to afford sufficient coverages to Hickcox.

COMPLAINT AND DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION
### (Violations of 12 USC §2605, California Financial Code §50505)

31. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth in this First Cause of Action against Rocket and DOES 1-10.

32. Rocket failed to satisfy and violated its obligations and duties under 12 USC §2605 and California Financial Code §50505 to timely and adequately pay premiums for the Policy in 2019 and again in 2021.

33. As a result of those failures, the Policy was out of force at the time of the Loss and Hickcox was unable to recover policy benefits that would otherwise have been due under the Policy.

34. As a result of those failures, Hickcox was harmed, including but not limited to loss of benefits that would otherwise have been timely available under the Policy, increased costs of construction, loss of use of the Property, attorneys' fees, increased premiums for hazard insurance which lapsed solely due to Rocket's failure to satisfy its obligations under state and federal law, imposition of an expensive and inadequate force placed insurance policy, and emotional distress.

35. Rocket's conduct was a substantial factor in causing the harm suffered by Hickcox.

# SECOND CAUSE OF ACTION
### (Breach of Fiduciary)

36. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth in this Second Cause of Action against Rocket and DOES 1-10.

37. Rocket at all relevant times held money in trust for Hickcox and was responsible under State and Federal law to timely and adequately use those funds held in trust to pay premiums for the Policy.

38. Rocket was therefore in a fiduciary relationship with Hickcox for the purpose of ensuring the Policy was in force at the time of the Loss.

39. In violation of State and Federal law, Rocket failed repeatedly to use reasonable care in ensuring timely and adequate payment of Policy premiums.

40. As a direct and proximate result of Rocket's breach of its fiduciary duty, Hickcox sustained an uncompensated Loss and other damages as previously set forth.
41. As a direct and proximate result of Rocket's breach of its fiduciary duty, Hickcox suffered foreseeable consequential damages as previously set forth.
42. Rocket's conduct was a substantial factor in causing the hard.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

43. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth in this Third Cause of Action against Rocket and DOES 1-10.
44. Rocket breached the Mortgage Contract when it failed to use funds held in trust by Rocket to pay premiums for the Policy.
45. As a direct and proximate result of Rocket's breach of the Mortgage Contract, Hickcox sustained an uncompensated Loss and other damages as previously set forth.
46. As a direct and proximate result of Rocket's breach of the Mortgage Contract, Hickcox suffered foreseeable consequential damages.
47. Rocket's conduct was a substantial factor in causing the hard.

### FOURTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

48. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth in this First Cause of Action against Rocket and DOES 1 through 10.
49. The Mortgage Contract contains an implied covenant of good faith and fair dealing.
50. Rocket breached the covenant by knowingly and unreasonably:
    - Repeatedly failing to timely use funds held in trust to pay Policy premiums;
    - Failing to notify Ms. Hickcox upon being informed that the Policy would not be renewed absent timely payment of Policy premiums;
    - Failing to notify Ms. Hickcox upon being informed that due to its failure to pay Policy premiums, the Policy was no longer in force;

- Upon notification by Hickcox of the Loss and the nonexistence of the Policy, failing and refusing to conduct an adequate and thorough investigation of the scope of damage to the property caused by the Loss, which would have been the obligation of FAIR Plan had the Policy been in force;
- Upon notification by Hickcox of the Loss and the nonexistence of the Policy, failing and refusing to timely and adequately pay the amount it would cost Hickcox for repairs to the Property, which would have been the obligation of FAIR Plan had the Policy been in force;
- Upon notification by Hickcox of the Loss and the nonexistence of the Policy, failing and refusing to timely and adequately pay amounts equal to benefits under other coverages in the Policy that would have been available to Hickcox had the Policy been in force;
- Concealing from and misleading Hickcox about her right to a thorough and adequate investigation of the scope of damage caused by the Loss;
- Concealing from and misleading Hickcox about her right to full payment for repairs to the Property for damages resulting from the Loss;
- Concealing from and misleading Hickcox about her right to payment of a repair estimate prepared by a licensed contractor for a partial repair of damage caused by the Loss which was delivered to Rocket;
- Concealing from and misleading Hickcox about her right to payment for damaged and destroyed contents, loss of use, debris removal, and other coverages available under the Policy, following the Loss;
- After acknowledging its 2019-2020 failure to use funds held in trust to pay Policy premiums had resulted in the uninsured Loss and other harm to Hickcox, Rocket *again* violated State and Federal law, and breached its fiduciary duty, by failing to use funds held in trust to pay for the Policy, and after the Policy went out of force for failure to pay premiums, Rocket thereafter and without approval from Hickcox

purchased a costly and inadequate force-placed policy of insurance for the Property, which remains in effect.

51. As a direct and proximate result of Rocket's breach of the covenant of good faith and fair dealing, Hickcox was harmed as previously set forth.

52. Rocket's breach of the implied covenant was a substantial factor in causing Hickcox's harm.

## FIFTH CAUSE OF ACTION
### (Negligence)

53. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth in this Fifth Cause of Action against Rocket and DOES 1-10.

54. At all relevant times, Rocket owed Hickcox a duty of care as relates to use of funds held in trust by Rocket to timely and adequately pay premiums for the Policy.

55. As a result of Rocket's violation of State and Federal law as set forth above, Rocket breached that duty of care.

56. Rocket's failure to timely and adequately pay premiums for the Policy, which amounted to violations of State and Federal law, was negligent, including but not limited to negligence per se.

57. Rocket's negligence caused Hickcox harm.

58. Rocket's negligence was a substantial factor in causing the harm.

**ALLEGATIONS JUSTIFYING THE PRAYER FOR PUNTIVE DAMAGES**

59. Plaintiffs incorporate the preceding paragraphs by reference as though fully set forth in this statement of allegations justifying the prayer for punitive damages against Rocket and DOES 1-10.

60. In doing the things set forth above, Rocket and its managing agents acted intentionally with fraud, malice, and oppression in that they knowingly and intentionally violated Hickcox's rights under State and Federal law, and repeatedly violated their fiduciary duty, even after becoming aware of prior law violations and breaches of the fiduciary duty.

61. Upon becoming aware of their violations as set forth above, instead of acting diligently to cure its errors, Rocket endeavored to reduce its liability by serially misleading Hickcox as to her rights, by failing to properly investigate the Loss, and by failing to adequately compensate Hickcox for her damages resulting from the Loss.

62. Also, after becoming aware of their violations as set forth above, instead of acting diligently to cure its errors, Rocket repeated the errors by failing in 2021 to use funds held in trust to pay Policy premiums, allowing the Policy again to go out of force, and thereafter using funds held in trust without approval or justification to purchase a force-placed policy of insurance to cover Rocket's interest in the Property, but not Hickcox's interests.

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Rocket as follows:

1. actual damages;
2. consequential damages;
3. costs, including but not limited to attorneys' fees;
4. emotional distress damages;
5. pre- and post-judgment interest;
6. exemplary damages for fraud, oppression, and malice;
7. costs of suit;
8. such other relief as the Court finds just and proper.

Date: March 7, 2022                     Kerley Schaffer LLP


                                        /s/ Dylan Schaffer
                                        Dylan Schaffer
                                        Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial.

Date: March 7, 2022   Kerley Schaffer LLP

/s/ Dylan Schaffer
Dylan Schaffer
Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL