J. Kirby McDonough
SPENCER FANE LLP
California Bar No. 275705
201 N. Franklin St., Suite 2150
Tampa, FL 33602
Telephone: 813-424-3501
kmcdonough@spencerfane.com

*Attorney for Defendant*
*Rocket Mortgage, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE HICKCOX,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC,<br><br>Defendant | **Case No. 2:22-CV-00437-TLN-KJN**<br><br>**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF COUNTER-MOTION FOR SUMMARY JUDGMENT**<br><br>**DATE: JUNE 1, 2023**<br>**TIME: 2:00 P.M.**<br>**COURT: HON. TROY L. NUNLEY, COURTROOM 2** |

Pursuant to Fed.R.Civ.P. 56, and Local Rule 260(a), Rocket Mortgage LLC submits the following Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment.

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE |
|---|---|
| 1.    On October 15, 2019, Hickcox executed a promissory note in favor of Rocket Mortgage f/k/a Quicken Loans Inc., in the amount of $171,762.00 (the "Note") to refinance real property located at 4371 Park Woods Dr., Pollock Pines, CA 95726 (the "Property").<br><br>Ex. A. Declaration of Sadaiah Wourman ("Wourman Dec."), ¶ 3, Ex. A. | |

| | |
|---|---|
| 2. On October 15, 2019, Hickcox executed and granted a Deed of Trust in favor of Rocket Mortgage f/k/a Quicken Loans Inc., on the Property to secure payment for the Note. (the "Deed of Trust"). Said Deed of Trust was recorded with the County Recorder of El Dorado County, California, No. 20199004522700018. " (The Note and Deed of Trust will be collectively referred to as the "Refinance Loan"). Ex. A Wourman Dec, ¶4, Ex. B. | |
| 3. Rocket Mortgage is the originator and servicer of Hickcox's Refinance Loan. Ex. A Wourman Dec, ¶¶ 2,5. | |
| 4. Hickcox's Deed of Trust requires her to maintain hazard insurance with "extended coverage". Ex. A Wourman Dec., ¶7, Ex B., ¶5. | |
| 5. Paragraph three (3) of the Deed of Trust requires Hickcox to pay Rocket Mortgage for taxes and insurance to be held in escrow, and Rocket Mortgage is tasked with paying the taxes and insurance premiums as they come due. Ex. A Wourman Dec., ¶8, Ex. B, ¶3 | |
| 6. Hickcox's Deed of Trust requires her to promptly furnish to Rocket Mortgage all notices of amounts to be paid for insurance and taxes. Ex. A. Wourman Dec., ¶9, Ex. B, ¶3 | |
| | |

- 2 -

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

| | |
|---|---|
| 7. In July of 2019 Prior to closing the Refinance Loan, Hickcox obtained two difference insurance policies; one from California Fair Plan and one from CSAA.. <br><br> Ex. B., Deposition of Patricia Wilburn ("Wilburn Depo"), p. 23, ll. 11-24. | |
| 8. Hickcox's broker, Patricia Wilburn at AAA, completed the application and submitted it to California Fair Plan. <br><br> Ex. C – CFP application. | |
| 9. In Hickcox's application, Ms. Wilburn advised California Fair Plan that the Mortgagee Clause was: <br> Quicken Loans <br> 1050 Woodward Ave., Detroit, MI. <br><br> Ex. C – CFP Application; Wilburn Depo. p. 28, ll. 13-23; | |
| 10. California Fair Plan relies on the broker exclusively to provide that information. <br><br> Ex. D., Deposition of Justin Pierce ("Pierce Depo."), pp. 18-19, ll. 20-16 | |
| 11. As of August 12, 2019, Hickcox had a policy in force from California Fair Plan with a total annual premium of $1,445.00 <br><br> Ex. D Pierce Depo., p. 15, ll. 10-17 | |
| 12. On August 21, 2019 On August 21, 2019, an Insurance Specialist from Rocket Mortgage sent an email to Hickcox's insurance broker, Patricia Wilburn, at AAA requesting a copy of the declaration page and advised that the mortgagee clause was: | |

- 3 -

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

| | |
|---|---|
| Quicken Loans Inc. ISAOA<br>PO Box 202070<br>Florence, SC 29502<br><br>Ex. A. Wourman Dec., Ex. C. | |
| 13.    On August 22, 2019, Ms. Wilburn submitted a change request to California Fair Plan to have Rocket Mortgage's mortgagee clause updated to the Florence, South Carolina address.<br><br>Ex. A, Wourman Dec., Ex. C;  Ex. D, Pierce Depo., pp. 23-24, ll. 9-16, p. 39, ll. 2-12.;<br>Ex. B, Wilburn Depo., p. 39, ll. 5-23; p. 41, ll. 15-20.<br>Ex. E – Mortgagee change submission | |
| 14.    When Rocket Mortgage originated the Refinance Loan, Hickcox's CSAA policy was boarded into Rocket Mortgage's servicing platform as the top line policy.<br><br>Ex. A. Wourman Dec., ¶15 | |
| 15.    As such, the servicing platform only ensured that the CSAA policy was timely paid as the designated top line policy.<br><br>Ex. A. Wourman Dec., ¶16 | |
| 16.    Rocket Mortgage handles the initial payment of hazard insurance at closing. Thereafter, Rocket Mortgage utilizes a third-party vendor, American Security Insurance Corporation **("ASIC")** a/k/a "**Assurant**" to handle a myriad of insurance related tasks including customer service, receipt and mailing of notices including renewal notices, and payment of insurance premiums from Rocket Mortgage impound accounts, among other tasks. | |

- 4 -
Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

| | |
|---|---|
| Ex. A. Wourman Dec., ¶ 10. Ex. F Deposition of Greg Fedler ("Fedler Depo"), Fedler Depo., p. 9, ll. 21-22; p. 16, ll. 12-14. | |
| 17.     The origination team was unaware that the policies were entered into the system incorrectly. At closing of the Refinance Loan the full amount of the hazard insurance was timely sent to AAA, when the CSAA payment should have gone to AAA, and the other payment directly to California Fair Plan.<br><br>Ex. A Wourman Dec., ¶18, Ex. D. | |
| 18.     Despite receiving notices from AAA prior to closing that the California Fair Plan premium was not paid, Rocket Mortgage's origination team believed that it would get funded at closing.<br><br>Ex. A. Wourman Dec., ¶19<br>Ex. F Fedler Depo., p. 32, ll. 4-16. | |
| 19.     Hickcox and her broker, AAA, also received the notices of payment due, and cancellation notices, but never forwarded along to Rocket Mortgage.<br><br>Ex. D Pierce Depo., pp. 20-21, ll. 23-10, p. 22, ll. 21-23.<br>Ex. A Wourman Dec., ¶ 20. | |
| 20.     Instead of AAA forwarding Rocket Mortgage's timely payment to California Fair Plan, it issued a refund directly to Hickcox without notifying Rocket Mortgage.<br><br>Ex. A Wourman Dec., ¶20,  Ex. E, pp. 20-21, ll. 14-8.<br>Ex. B Wilburn Depo., p. 53, ll. 2-4. | |
| 21.     On March 16, 2020, Hickcox suffered an allege loss to an exterior deck of her home. | |

- 5 -

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

| | |
|---|---|
| Ex. G – Email correspondence between Hickcox and AAA<br>Ex. H – Denial letter from CSAA | |
| 22.    Nearly two weeks later, Hickcox decided to first report the alleged loss to her insurance broker with AAA.<br><br>Ex. I – Email voice message from Hickcox to Wilburn | |
| 23.    Hickcox originally claimed that her deck collapsed due to weight of snow.<br><br>Ex. H. – Denial Letter from CSAA | |
| 24.    On March 16, 2020, Pollock Pines, California, in fact was hit with record snow fall and rain, as heavy storms pummeled the area.<br><br>Ex. J. – Weather Article from Mountain Democrat<br>Courts may judicially notice an adjudicative fact if it is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).<br><br>Ex. H – Denial Letter from CSAA<br>Ex. G – Correspondence between Hickcox and AAA<br>Ex. A - Wourman Dec., Ex. E, p. 17, ll. 6-19. | |
| 25.    On April 27, 2020, Hickcox was notified by AAA that after conducting a virtual inspection, with her assistance, it was determined that the damage to her deck was caused by weight of snow.<br><br>Ex. H – Denial Letter from CSAA | |

- 6 -

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

PH 1682186.1

| | |
|---|---|
| 26.    That same day Hickcox contacted Patricia Wilburn with AAA to complain about her deck not being covered. Hickcox admitted to that she assumed that the loss was from weight of snow. But now that it wasn't covered she wanted to change her story and say that it could have been another peril such as wind.<br><br>Ex. E – Correspondence between Hickcox and AAA | |
| 27.    Hickcox followed up with another email stating that she simply does not what caused the deck to fall.<br><br>Ex. E – Correspondence between Hickcox and AAA<br><br>28.    On June 9, 2020, nearly three months after Hickcox's alleged loss, she contacted Rocket Mortgage for the first time and advised that she suffered a loss to her deck and that her California Fair Plan policy had lapsed due to non-payment.<br><br>Ex. A Wourman Dec., ¶¶22-23 | |
| 29.    Rocket Mortgage forwarded Hickcox's information to ASIC/Assurant, its third-party insurance vendor, to research the issue.<br><br>Ex. A. Wourman Dec., ¶29 | |
| 30.    On August 3, 2020, Hickcox called back to Rocket Mortgage, and requested to speak with a supervisor.  Also on the call was Ryan Miller with ASIC. During the call Hickcox explained the loss to her deck, and that her policy had lapsed.<br><br>Ex. A Wourman Dec., ¶¶ 26-27, Ex. E. | |

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

PH 1682186.1

| | |
|---|---|
| 31.    During the call ASIC/Assurant was going to see if they could get permission to instant issue a policy to retroactively cover the loss, and Hickcox agreed to this plan.<br><br>Ex. K – Deposition of Christine Bender ("Bender Depo"), p. 17, ll. 10-14.<br>Ex. A. Wourman Dec., ¶31, Ex. E | |
| 32.    Importantly, Hickcox reiterated that she still had no idea exactly what caused her deck to become damaged.<br><br>Ex. A - Wourman Dec., Ex. E, p. 17, ll. 6-19. | |
| | |
| 33.    Thereafter, Rocket Mortgage submitted an uninsured claim on her behalf, and a lender policy was established to retroactively investigate her claim and cover the loss.<br><br>Ex. A. Wourman Dec. ¶¶32-37 | |
| 34.    Hickcox was an additional insured on the policy.<br><br>Fedler Depo., p. 42, ll. 23-24.<br>Ex. L – Notice of Claim | |
| 35.    When establishing the policy Rocket Mortgage passed along the information that Hickcox provided to Rocket Mortgage. She stated to both Rocket Mortgage and ASIC that there was a wind loss.<br><br>Binder Depo., p. 17, ll. 10-20,  p. 18, ll. 6-11.<br>Fedler Depo., p. 47, ll. 3-16. | |
| 36.    After the ASIC policy was established it sent a field inspector to thoroughly | |

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

PH 1682186.1

| | |
|---|---|
| investigate the loss, and he determined – based on statements from Hickcox – that wind caused a tree to fall on her deck.<br><br>Binder Depo., pp. 25 - 27, ll. 8-2; p. 33, ll. 1-25; p. 47, ll. 7-11; p. 48, ll. 14-17; p. 56, ll. 14-22; p. 58, ll. 2-12. | |
| 37.    Hickcox only claimed damage to her deck and did not mention interior damage or damage to personal property.<br><br>Binder Depo., p. 51, ll. 10-23; pp. 60-61, ll. 3-3. | |
| | |
| 38.    ASIC's adjuster issued a report, which included pictures, and determined that, based on his field observations and statements from Hickcox, that wind caused a tree to fall on her deck, and he recommended payment.<br><br>Ex. M – ASIC adjuster's Report | |
| 39.    Rocket Mortgage was not involved with adjusting the loss, inspecting the claim or negotiating a claim with Hickcox.<br><br>Ex. A. Wourman Dec., ¶ 39 | |
| 40.    In October 2020, after her claim was handled by ASIC, Hickcox set up a new California Fair Plan policy, and the lender policy was cancelled.<br><br>Ex. A Wourman Dec., ¶¶40-41 | |
| 41.    Hickcox's broker, Patricial Wilburn, at AAA sent in the application on Hickcox's behalf and copy and pasted the information from the prior application. However, she did not update the mortgagee clause despite | |

- 9 -

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

| | |
|---|---|
| Rocket Mortgage advising of their Florence South Carolina address.<br><br>Ex. B Wilburn Depo., p. 64, ll 9-17. | |
| 42.    On April 4, 2021 Rocket Mortgage received a check from ASIC for Hickcox's claim in the amount of $5,170.33 made payable to Quicken Loans LLC and Nicole Hickcox. The funds were provided to Hickcox.<br><br>Ex. A Wourman Dec. ¶43.<br>Ex. N – ASIC Claim Information Notice | |
| 43.    Throughout the remainder of 2020 and into 2021 Hickcox's Fair Plan policy was in place. But on September 27, 2021 and again on November 1, 2021, Rocket Mortgage sent notices to Hickcox advising her that her hazard insurance had expired and it needed evidence of coverage or it would purchase a policy.<br><br>Ex. A Wourman Dec. ¶¶ 44-45, Ex. J. | |
| 44.    Because Hickcox's broker failed to enter the correct mortgagee clause in the application, California Fair Plan's notices were getting rejected, and her Fair Plan policy was eventually cancelled.<br><br>Ex. O– Fair Plan Lexis Notes Showing Rejected Correspondence<br>Ex. P – Notice of Cancellation from Fair Plan | |
| 45.    In fact, California Fair Plan sent notices directly to Hickcox advising her that the renewal notices were being rejected and asked her to double check the mortgagee clause address, to no avail. | |

- 10 -

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

| | |
|---|---|
| Ex. Q – Notice from California Fair Plan to Hickcox regarding rejection | |
| 46.    Hickcox, and her attorney, actually knew that AAA had set up her new policy utilizing the wrong mortgagee clause prior to filing this lawsuit, yet continue to maintain the frivolous allegations that Rocket Mortgage allowed her policy to lapse again.<br><br>Ex. R – Email Correspondence between AAA and Hickcox regarding correct mortgagee clause. | |
| 47.    On December 13, 2021, Rocket Mortgage sent to Hickcox a Notice of Lender-Placed Insurance, and advising that despite the two prior notices it did not have proof of hazard insurance and purchased a plan.<br><br>Ex. A Wourman Dec., ¶47, Exs. J, K, L | |

DATED this 6th day of April, 2023.


**SPENCER FANE LLP**


*/s/ J. Kirby McDonough*
J. Kirby McDonough
California Bar No. 275705
201 N. Franklin St., Suite 2150
Tampa, FL 33602
Telephone: 813-424-3501
kmcdonough@spencerfane.com

Defendant's Undisputed Facts in Support of Counter-Motion for Summary Judgment

PH 1682186.1