J. Kirby McDonough
SPENCER FANE LLP
California Bar No. 275705
201 N. Franklin St., Suite 2150
Tampa, FL 33602
Telephone: 813-424-3501
kmcdonough@spencerfane.com

*Attorney for Defendant*
*Rocket Mortgage, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE HICKCOX,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC,<br><br>Defendant | **Case No. 2:22-CV-00437-TLN-KJN**<br><br>**DEFENDANT'S RESPONSES IN OPPOSITION TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**DATE: APRIL 20, 2023**<br>**TIME: 2:00 P.M.**<br>**COURT: HON. TROY L. NUNLEY, COURTROOM 2** |

Pursuant to Fed.R.Civ.P. 56, and Local Rule 260(a), Rocket Mortgage LLC submits the following Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment.

| MOVING PARTY'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE |
|---|---|
| 1. Rocket Mortgage, LLC (Rocket) was previously known as Quicken Loans, LLC<br><br>**Evidence**<br>Ex. S, Rocket Answer, ¶2 | **Admit.** |
| 2. Rocket Mortgage, LLC was the lender on a home loan to Nicole Hickcox in October | **Admit.** |

| | |
|---|---|
| 2015, Loan Number 3432945629, relating to a residence at 4371 Park Woods Drive, Pollock Pines, California.<br><br>**Evidence**<br>Ex. A, Requests for Admission, No.1; Ex. Q, Nicole Hickcox Declaration, ¶¶2-3. | |
| 3.    Rocket required Ms. Hickcox to place funds in an impound account to pay for property insurance.<br><br>**Evidence**<br>Ex. Q, Nicole Hickcox Declaration, ¶ | **Admit.** |
| 4.    Rocket held funds in the escrow account as trustee for Ms. Hickcox.<br><br>**Evidence**<br>Ex. R, Rocket Deposition, p.50:3-7. | **Admit.** |
| 5.    As relates to the funds Rocket held for Ms. Hickcox in its escrow account to pay for property insurance, Rocket acts as a fiduciary.<br><br>**Evidence**<br>Ex. R, Rocket Deposition, p.50:8-11. | **Admit.** |
| 6.    Ms. Hickcox purchased a California FAIR Plan (CFP) homeowners' policy in or about August 2019 (Policy).<br><br>**Evidence**<br>Ex. Q, Nicole Hickcox Declaration, ¶5. | **Admit.** |
| 7.    The CFP Policy covers loses to real and personal property caused by "windstorm."<br><br>**Evidence**<br>Ex. D, CFP Policy, p.6 of 18; Ex. E, Policy Declaration; Ex. Q, Nicole Hickcox Declaration, ¶5. | **Admit.** |
| 8.    The "windstorm" peril in the CFP Policy covers losses if the cause of the loss is wind, whether or not there is precipitation. | **Deny. The CFP policy covers direct loss from windstorm. It does not cover indirect loss. Further, because windstorm is not defined in the policy, we must use the ordinary** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| **Evidence**<br>    Ex. C, Declaration of Estee Natale, ¶¶3-7 | **definition, which is strong winds, with little to no precipitation. The issue is not whether there is or is not precipitation. It depends on how much precipitation. There cannot be a windstorm and also high precipitation.** |
| 9.    Rocket knew in July 2019 that Ms. Hickcox's CFP Policy would be paid for out of her required Rocket impound or escrow account.<br>**Evidence**<br>    Ex. G, p.1, email from insurance agent Patty Wilburn to Rocket, July 16, 2019. | **Admit.** |
| 10.    Ms. Hickcox's insurance agent sent Rocket the CFP Policy in August 2019.<br>**Evidence**<br>    Ex. G, p.2, email from insurance agent Patty Wilburn to Rocket, August 15, 2019. | **Admit.** |
| 11.    Rocket had documentary proof that the CFP Policy was in place in August of 2019.<br><br>**Evidence**<br>    Ex. R, Rocket Deposition, p.54:7-17. | **Admit.** |
| 12.    CFP sent a policy premium notification for the Policy to Rocket on or about August 14, 2019.<br><br>**Evidence**<br>    Ex. J, pp.9-10. | **Deny. CFP did not have the correct mortgagee clause until it was changed on August 22, 2019.**<br><br>Ex. A, Wourman Dec., Ex. C;  Ex. D, Pierce Depo., pp. 23-24, ll. 9-16, p. 39, ll. 2-12.; Ex. B, Wilburn Depo., p. 39, ll. 5-23; p. 41, ll. 15-20.<br>Def.'s Ex. E – Mortgagee change submission |
| 13.    CFP sent a policy premium notification for the CFP Policy to Assurant, Rocket's agent for insurance servicing, on August 26, 2019.<br><br>**Evidence**<br>    Ex. J, pp.5-6. | **Admit.** |
| 14.    Assurant received notices relating to | **Admit, after the mortgagee clause was** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| the Policy from CFP.<br><br>**Evidence**<br>Ex. P, Assurant deposition, p.27:13-18. | **corrected.** |
| 15. At the time of the loan closing on October 15, 2019, Rocket was aware that the property was insured in part by the CFP under CFP Policy number CFP258218600.<br><br>**Evidence**<br>Ex. A, Requests for Admission, No.2 | **Admit.** |
| 16. At the time of the closing of Ms. Hickcox's Rocket loan, Rocket did not pay any money to CFP for the Policy premium.<br><br>**Evidence**<br>Ex. A, Requests for Admission, No.14; Ex. K, Rocket Loan History Report, p.3. | **Admit that Rocket Mortgage did not pay CFP, but it did pay AAA.**<br><br>Wourman Dec., ¶18, Ex. D. |
| 17. Rocket did not pay any funds at any time to CFP for the Policy, with a premium amount due of $869.50.<br><br>**Evidence**<br>Ex. A, Requests for Admission, No.13. | **Rocket Mortgage paid CFP directly in October 2020.**<br><br>Wourman Dec. ¶40. |
| 18. Rocket failed to properly pay the premium for the CFP Policy at closing.<br><br>**Evidence**<br>Ex. A, Requests for Admission, No.24 | **Admit.** |
| 19. CFP sent and Assurant received a policy bill for the Policy to Assurant on October 16, 2019.<br><br>**Evidence**<br>Ex. J, pp.7-8; Ex. P, Assurant Deposition, p.31:9-18. | **Admit.** |
| 20. Rocket was obligated to make premium payments for the Policy at the time of the closing and thereafter. | **Admit.** |

-4-

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

| | |
|---|---|
| **Evidence**<br>Ex. A, Requests for Admission, No.4; Ex. R, Rocket Deposition, 45:17-20, 48:25-49:3; Ex. S, Rocket Answer, ¶14. | |
| 21. On October 18, 2019, Rocket was informed by an insurance agent, Patty Wilburn, that the premium for the CFP Policy had not been paid aid and that the CFP Policy was about to cancel.<br><br>**Evidence**<br>Ex. A, Requests for Admission, No.5; Ex. G, pp.3-4, email from insurance agent Patty Wilburn to Rocket, July 16, 2019. | **Admit.** |
| 22. On October 18, 2019, a Rocket employee responded to Ms. Wilburn, informing her that "The loan closed on the 15th and is scheduled to be disbursed on 10/21/19. This is why payment has not been received yet."<br><br>**Evidence**<br>Ex. A, Requests for Admission, No.7; Ex. G, pp.3, email from Rocket to Patty Wilburn, October 18, 2019. | **Admit.** |
| 23. In response to Wilburn's warning, Rocket promised to ensure the CFP premium was paid.<br><br>**Evidence**<br>Ex. R, Rocket Deposition, p.66:11-16. | **Admit that Rocket Mortgage intended for the CFP premium to be paid at closing.**<br><br>Wourman Dec., ¶¶18-19 |
| 24. Assurant was aware of the CFP Policy premium due after the October billing but did not pay it.<br><br>**Evidence**<br>Ex. K, Rocket Loan History Report, p.2. | **Admit.** |
| 25. CFP sent and Assurant received a policy bill for the Policy to Assurant on November 13, 2019. | **Admit.** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| Evidence<br>Ex. J, pp.1-8; Ex. P, Assurant deposition, pp.32:18-33:1. | |
|---|---|
| 26.    Assurant was aware of the CFP Policy premium due after the November billing but did not pay it.<br><br>Evidence<br>Ex. K, Rocket Loan History Report, p.2. | **Admit.** |
| 27.    CFP sent and Assurant received a notice of cancellation for the Policy to Assurant on December 18, 2019<br><br>Evidence<br>Ex. J, pp.3-4; Ex. P, Assurant Deposition, p.33:16-34:4. | **Admit.** |
| 28.    Assurant received the notice of cancellation on December 19, 2019.<br><br>Evidence<br>Ex. K, Rocket Loan History Report, p.2 | **Admit.** |
| 29.    No payments were made for CFP Policy premiums by Rocket, or on Rocket's behalf by Assurant, between the closing of the loan in October 2019, and the policy cancellation in early January, 2020.<br><br>Evidence<br>Ex. Q, Nicole Hickcox Declaration, ¶6; Ex. R, Rocket Deposition, p.73:16-19; Ex. S, Rocket Answer, ¶21. | **Deny. Rocket Mortgage made payments for the CFP policy, the payment was simply sent to AAA instead of CFP, and duly refunded to Hickcox.**<br><br>Wourman Dec., ¶¶ 18-19<br>Fedler Depo., p. 9, ll. 21-22; p. 16, ll. 12-14.<br>Ex. A Wourman Dec., ¶20, Ex. E, pp. 20-21, ll. 14-8.<br>Ex. B Wilburn Depo., p. 53, ll. 2-4. |
| 30.    Nothing Ms. Hickcox did between the closing and the cancellation of the CFP policy relieved Rocket in any way of its obligation to pay the CFP Policy premium.<br><br>Evidence<br>Ex. R, Rocket Deposition, p.73:20-25. | **Deny. Hickcox and her broker, AAA, were also receiving the payment notices and failed to forward them to Rocket Mortgage, which is required under the terms of her DOT. Additionally, RESPA has an error resolution procedure that Hickcox failed to follow.**<br><br>Pierce Depo., pp. 20-21, ll. 23-10, p. 22, ll. 21-23.<br>Wourman Dec., ¶¶ 9, 20.<br>12 C.F.R. § 1024.35 |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| 31.    The CFP Policy cancelled in January 2020 for failure to pay the premium.<br><br>**Evidence**<br>        Ex. K, Rocket Loan History Report, p.3; Ex. Q, Nicole Hickcox Declaration, ¶7. | **Admit.** |
| 32.    The Policy cancelled because Rocket never "paid correctly at loan closing as the funds were incorrectly sent to CSAA Insurance and then refunded to the client."<br><br>**Evidence**<br>        Ex. H, Letter from Assurant to Quicken Customer Relations employee Dwunneka Vance, August 7, 2020. | **Admit.** |
| 33.    The fact that the Policy was not in force in March 2020 is Rocket's fault.<br><br>**Evidence**<br>        Ex. R, Rocket Deposition, p.82:14-17, 83:11-84:8, 90:15-17. | **Admit that Rocket made an error at origination, but Hickcox also breached her contractual and statutory obligations.**<br><br>Pierce Depo., pp. 20-21, ll. 23-10, p. 22, ll. 21-23.<br>Wourman Dec., ¶¶ 9, 20.<br>12 C.F.R. § 1024.35 |
| 34.    In March 2020, Ms. Hickcox's home and personal property suffered a loss due to a windstorm.<br><br>**Evidence**<br>        Ex. Q, Declaration of Nicole Hickcox, ¶8. | **Deny. Hickcox specifically said that her loss was due to weight of snow. Further, she spoliated all evidence, has no pictures, no logs, and no evidence of a loss other than a report saying it was weight of snow, and another report saying a tree fell on her deck. Further, it could not have been a windstorm because the storm consisted of record precipitation, thereby removing it from the possibility of a windstorm.**<br><br>Ex. H – Denial Letter from CSAA<br>Ex. G – Correspondence between Hickcox and AAA<br>Ex. A - Wourman Dec., ¶29, Ex. E, p. 17, ll. 6-19.<br>Ex. J – Weather Article from Mountain Democrat. |

- 7 -

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| 35. The storm caused more than $75,000 in dwelling repairs, more than $10,000 in contents damage.<br><br>**Evidence**<br>    Ex. Q, Declaration of Nicole Hickcox, ¶¶10-11. | **Deny.**<br><br>**Ex. M – ASIC Adjuster's Report** |
| 36. Repairs from the storm will take about three months, during which time Ms. Hickcox will have to obtain alternative housing.<br><br>**Evidence**<br>    Ex. Q, Declaration of Nicole Hickcox, ¶12. | **Deny. We have no supporting facts.** |
| 37. The fair rental value of Ms. Hickcox home is between $2500 and $3000 per month.<br><br>**Evidence**<br>    Ex. Q, Declaration of Nicole Hickcox, ¶13. | **Deny. We have no supporting facts.** |
| 38. The value of the loss of use of Ms. Hickcox's home due to the March 2020 storm is from $7500-9000.<br><br>**Evidence**<br>    Ex. Q, Declaration of Nicole Hickcox, ¶13. | **Deny. We have no supporting facts.** |
| 39. In or about June 2020 Ms. Hickcox informed Rocket of a loss at her home in March 2020.<br><br>**Evidence**<br>    Ex. A, Requests for Admission, No.18. | **Admit.** |
| 40. Ms. Hickcox told Rocket the CFP Policy was not in force at the time of the March 2020 loss.<br><br>**Evidence**<br>    Ex. A, Requests for Admission, No.19. | **Admit.** |
| 41. On or about August 18, 2020, Rocket | **Deny. It was August 3, 2020** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| told Ms. Hickcox that due to the expiration of her property insurance Rocket intended to purchase hazard insurance on her behalf.<br><br>**Evidence**<br>Ex. A, Requests for Admission, No.26. | **Ex. A Wourman Dec. Ex. E** |
| 42.    Rocket billed Ms. Hickcox $1206 from her Rocket impound account for the purchase of a policy issued by American Security Insurance Company (Assurant) to Rocket as the named insured, which insured Rocket for its interest in Ms. Hickcox's property for the period January 4, 2020, to January 4, 2021.<br><br>**Evidence**<br>    Ex. A, Requests for Admission, No.27-30, 32, 34. | **Admit that rocket billed her impound account, but Hickcox was an additional insured.** |
| 43.    Rocket purchased the Assurant Policy to adjust Ms. Hickcox's claim as relates to otherwise uninsured the loss at her home in March 2020.<br><br>**Evidence**<br>    Ex. A, Requests for Admission, No.34. | **Admit.** |
| 44.    Rocket had Assurant issue the "force placed" policy that would retroactively cover the loss at the Hickcox residence in March 2020.<br><br>**Evidence**<br>    Ex. B, Assurant Deposition, p.17:10-14; 41:9-13. | **Admit.** |
| 45.    As part of its contract with Rocket, Assurant is obligated to issue retroactive policies to ensure Rocket's interests are protected.<br><br>**Evidence**<br>    Ex. B, Assurant deposition, p.20:3-8; Ex. P, Assurant deposition, p.18:7-12. | **Admit.** |
| 46.    Assurant agrees to issue retroactive policies to protect Rocket's interests because | **Admit.** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| Assurant receives money for providing other types of insurance servicing.<br><br>**Evidence**<br>Ex. P, Assurant deposition, pp.20:8-19. | |
| 47.    The    Assurant    Policy    afforded coverage for repair of damage to Ms. Hickcox's home but did not afford coverage for contents or loss of use.<br><br>**Evidence**<br>Ex. B, Assurant Deposition, p.15:9-17; Ex. E, Assurant policy; Ex. R, Rocket Deposition, p.24:15-19, 88:23-89:6. | **Admit.** |
| 48.    Rocket did nothing to ensure that purchasing the force placed policy for itself addressed all issues arising from the fact that Ms. Hickcox was uninsured at the time of the March 2020 loss.<br><br>**Evidence**<br>Ex. R, Rocket Deposition, p.104:10-14. | **Deny.**<br><br>**Wourman Dec.** |
| 49.    Rocket agrees purchasing the force placed policy for itself was not sufficient to address the fact that Ms. Hickcox was uninsured at the time of the March 2020 loss, because the Assurant policy did not cover contents or loss of use.<br><br>**Evidence**<br>Ex. R, Rocket Deposition, p.104:15-20. | **Deny.**<br><br>**Wourman Dec.** |
| 50.    Rocket told Assurant that the March 2020 loss at Ms. Hickcox's was caused by windstorm.<br><br>**Evidence**<br>Ex. B, Assurant Deposition, p.18:6-11. | **Admit that Rocket relayed Hickcox's message that it was a windstorm.** |
| 51.    Assurant's adjuster inspected the loss and determined the cause of loss. | **Admit.** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| **Evidence**<br>    Ex. B, Assurant Deposition, pp.49:3-50:8. | |
| 52.    Rocket never investigated the loss; Assurant did the investigation.<br><br>**Evidence**<br>    Ex. R, Rocket Deposition, p.32:17-22. | **Admit.** |
| 53.    Assurant concluded there had been a large storm at the Hickcox residence in March 2020.<br><br>**Evidence**<br>    Ex. B, Assurant Deposition, pp.59:22-60:4. | **Admit.** |
| 54.    Assurant concluded the March 2020 the loss at the Hickcox residence was caused by windstorm.<br><br>**Evidence**<br>    Ex. B, Assurant Deposition, p.17:17-25, 18:6-11; p.51:10-14, 52:6-12; Ex. L, Assurant Claim Payment Letter, October 29, 2020; Ex. M, Assurant Loss Report, August 24, 2020; Ex. N, Assurant claim payment to Rocket, April 9, 2021; Ex. O, Assurant Loss Notice, July 10, 2020. | **Deny.  The adjuster concluded that wind knocked a tree on her deck, but there was no determination of windstorm.** |
| 55.    Rocket does not know if the March 2020 loss at Ms. Hickcox's home was *not* caused by wind or windstorm.<br><br>**Evidence**<br>    Ex. R, Rocket Deposition, p.32:1-7. | **Deny.**<br><br>**Wourman Dec., Ex. E.**<br><br>**CSAA denial letter**<br><br>**Ex. J. Mountain Democrat Weather Report.** |
| 56.    For all purposes, Rocket accepts the findings of Assurant as to cause of loss at Ms. Hickcox's home in March 2020.<br><br>**Evidence**<br>    Ex. R, Rocket Deposition, p.32:13-16, 109:5-16. | **Deny.**<br><br>**Wourman Dec.** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| 57. Rocket's conclusion is that the loss at Ms. Hickcox's home was caused by wind or windstorm.<br><br>**Evidence**<br>    Ex. R, Rocket Deposition, p.74:21-75:4. | **Deny.**<br><br>**Wourman Dec.**<br><br>**Cross-Motion for Summary Judgment.** |
| 58. Assurant never investigated damage to Ms. Hickcox's personal property from the March 2020 storm.<br><br>**Evidence**<br>    Ex. B, Assurant Deposition, p.53:16-20. | **Admit. She told the adjuster she did not have personal property loss.** |
| 59. Ms. Hickcox has never told anyone the loss at her home was caused by one or more trees falling on her deck.<br><br>**Evidence**<br>    Ex. Q, Declaration of Nicole Hickcox, ¶9. | **Deny.**<br><br>**Adjuster's report.** |
| 60. Rocket paid Ms. Hickcox about $5100 for all damage relating to the March 2020 storm.<br><br>**Evidence**<br>    Ex. Q, Declaration of Nicole Hickcox, ¶14; | **Deny. ASIC paid Hickcox. Rocket Mortgage did not adjust the claim.** |
| 61. Rocket paid Ms. Hickcox nothing for replacement of her contents damaged by the storm, or for loss of use during repairs.<br><br>**Evidence**<br>    Ex. Q, Declaration of Nicole Hickcox, ¶15; Ex. R, Rocket Deposition, p.112:22-113:13. | **Admit.** |
| 62. Ms. Hickcox purchased a new CFP policy and Rocket paid for it for the period September 2020 to September 2021, so the CFP insurance was in force for that period.<br><br>**Evidence**<br>    Ex. Q, Nicole Hickcox Declaration, | **Admit.** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| ¶¶16-17. | |
| 63.    As a result of an error by Assurant in July 2021, Assurant removed the CFP policy from its system and as a result Rocket again failed to pay the premium and the CFP policy cancelled.<br><br>**Evidence**<br>    Ex. P, Assurant Deposition, p.67:6-18; Ex. Q, Nicole Hickcox Declaration, ¶¶18-19; Ex. R, Rocket Deposition, p.143:2-18 | **Deny. Hickox's broker failed to put in the correct mortgagee clause.**<br><br>Ex. B Wilburn Depo., p. 64, ll 9-17. |
| 64.    Rocket took no steps to contact CFP to determine whether CFP had issued a renewal notice for the CFP policy in place for the Hickcox residence.<br><br>**Evidence**<br>    Ex. A, Requests for Admission, No.57. | **Admit.** |
| 65.    After December 1, 2021, Rocket took no steps to contact Ms. Hickcox's insurance agent to determine whether CFP had issued a renewal notice for the CFP policy in place for the Hickcox residence.<br><br>**Evidence**<br>    Ex. A, Requests for Admission, No.58. | **Deny.**<br><br>Ex. A Wourman Dec., ¶47, Exs. J, K, L |
| 66.    On or about December 9, 2021, Rocket purchased hazard insurance for the property using $1206 from Ms. Hickcox's impound account for the policy period September 2021 to September 2022.<br><br>**Evidence**<br>    Ex. A, Requests for Admission, No.59, 60. | **Admit.** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| 67. In November 2021, Rocket informed Ms. Hickcox that it would purchase hazard insurance for her because her property insurance had expired.<br><br>**Evidence**<br>    Ex. A, Requests for Admission, No.54 | **Admit.** |
| 68. The force placed policy Rocket purchased after the CFP policy cancelled in September 2021 extends coverage for building repairs only to the extent of Rocket's loan and does not cover losses to personal property or loss of use.<br><br>**Evidence**<br>    Ex. Q, Nicole Hickcox Declaration, ¶20. | **Admit.** |
| 69. The force placed policy Rocket purchased using Ms. Hickcox's money in December 2021 remains in place today.<br><br>**Evidence**<br>    Ex. Q, Nicole Hickcox Declaration, ¶20. | **Admit.** |
| 70. Because of the repeated cancellations of her CFP policy and the unrepaired loss at her home, Ms. Hickcox has been unable to reinstate her CFP policy since its cancellation in 2021.<br><br>**Evidence**<br>    Ex. Q, Nicole Hickcox Declaration, ¶21. | **Deny.**<br><br>Pierce Depo., p. 34, ll. 8-11.<br><br>Pierce Depo., p. 71, ll. 13-20. |
| 71. Assurant is the exclusive provider of lender placed policies to Rocket.<br><br>**Evidence**<br>    Ex. P, Assurant Deposition, p.10:1-3. | **Admit.** |

- 14 -

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| 72.     Assurant is the exclusive provider of lender placed policies to Rocket.<br><br>**Evidence**<br>      Ex. P, Assurant Deposition, p.10:1-3. | **Admit.** |
| 73.     Assurant drafts letters to Rocket customers which have the Rocket letterhead on them.<br><br>**Evidence**<br>      Ex. B, Assurant Deposition, pp.42:2-43:13; Ex. F, Rocket letter to Ms. Hickcox, August 28, 2020. | **Admit.** |
| 74.     Rocket sends Assurant all insurance documents relating to properties as to which it lends money or provides loan servicing on a daily basis.<br><br>**Evidence**<br>      Ex. I, Rocket/Assurant Contract, p.4.<br>75.     On behalf of Rocket, Assurant has the obligation for "sorting, identifying, and inputting relevant data into its data files …."<br><br>**Evidence**<br>Ex. I, Rocket/Assurant Contract, p.4. | **Admit.** |
| 76.     Assurant is paid approximately thirty cents per Rocket loan, per month, for its insurance-related services.<br><br>**Evidence**<br>Ex. I, Rocket/Assurant Contract, p.4. | **Deny.** |
| 77.     Assurant provides a wide range of insurance services under its contract with Rocket, including but not limited to: reporting as to the status of insurance as to each loan (billings, renewals, cancellations), receiving and processing all communications from insurers relating to Rocket loans including premium due notices, renewals, and cancellations, paying policy premiums to property insurers directly from Rocket customer escrow accounts, and depositing checks received from carriers directly into | **Admit.** |

- 15 -

PH 1682186.1

| | |
|---|---|
| Rocket bank accounts.<br><br>**Evidence**<br>    Ex. F, Letter from Rocket to Hickcox with Assurant Policy; Ex. I, Rocket/Assurant Contract, pp.4, 6, 19; Ex. P, Assurant Deposition, pp.10:4-14:12, 24:13-18; Ex. R, Rocket Deposition, p.7:11-8:8, 22:23-23:9, 49:14-17, 57:1-13, 60:14-61:5. | |
| 78.    Rocket delegates the receipt and handling of all notices relating to property insurance to Assurant and has no role in receiving or reviewing such notices.<br><br>**Evidence**<br>    Ex. R, Rocket Deposition, p.60:23-61:5. | **Admit** |
| 79.    Assurant provides customer service to Rocket customers in the event they call Rocket with questions about any insurance issues arising out of their Rocket loans.<br><br>**Evidence**<br>    Ex. R, Rocket Deposition, p.21:17-22:3. | **Admit.** |
| 80.    Assurant must obtain prior written approval for all template letters it employs.<br><br>**Evidence**<br>    Ex. I, Rocket/Assurant Contract, p.7. | **Admit.** |
| 81.    Pursuant to its contract with Rocket, Assurant is tasked to handle any problems that may arise relating to Rocket customer property insurance.<br><br>**Evidence**<br>    Ex. R, Rocket Deposition, p.29:15-19. | **Admit.** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

| | |
|---|---|
| 82.　Assurant indemnifies Rocket for any failure to perform its insurance serving tasks.<br><br>**Evidence**<br>　　Ex. I, Rocket/Assurant Contract, p.13 | **Deny.** |
| 83.　Assurant is Rocket's agent in the administration of insurance services, including in the receipt of renewal, premium, and cancellation notices from insurers, and the payment from Rocket customer impound accounts to property insurers.<br><br>**Evidence**<br>　　Ex. B, Assurant Deposition, pp.14:2-15:2, 21:20-22:8; 42:2-43:13; Ex. F, Rocket Letter to Hickcox, with Assurant Policy; Ex. I, Rocket/ Assurant Contract; Ex. P, Assurant Deposition, p.9:19-15:25, 20:8-21:16, 24:13-18; Ex. R, Rocket Deposition, p.7:11-8:8, 21:4-22:3, 22:17-23:9, 29:15-19, 49:14-17, 57:1-13, 60:14-61:5. | **Deny.**<br><br>**Wourman Dec.** |
| 84.　In the period 2020 to present, Ms. Hickcox has paid more than $3000 in premiums to Assurant for lender placed policies she never sought nor approved.<br><br>**Evidence**<br>　　Ex. Q, Nicole Hickcox Declaration, ¶22. | **Deny.**<br><br>**Wourman Dec. Ex. E** |
| 85.　As a result of Rocket's failure to pay for the CFP policy in 2020 and 2021, and the resulting cancellations, Ms. Hickcox has suffered substantial stress, upset, and financial worry, because she has been unable to repair here home, replace her contents, or obtain property insurance adequate to cover her home or contents.<br><br>**Evidence**<br>　　Ex. Q, Nicole Hickcox Declaration, ¶23. | **Deny. There no facts to support this.** |

Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1

DATED this 6th day of April, 2023.

**SPENCER FANE LLP**

/s/ J. Kirby McDonough
J. Kirby McDonough
California Bar No. 275705
201 N. Franklin St., Suite 2150
Tampa, FL 33602
Telephone: 813-424-3501
kmcdonough@spencerfane.com

*Attorney for Defendant*
*Rocket Mortgage, LLC*

**CERTIFICATE OF SERVICE**

I certify that on April 6, 2023, I caused a true and accurate copy of the foregoing **DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN OPPOSITION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** to be served on all counsel of record through email.

*/s/  J. Kirby McDonough*

- 18 -
Defendant's Responses in Opposition to Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment

PH 1682186.1