1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    NICOLE HICKCOX,                              No. 2:22-cv-00437-TLN-CSK

12                   Plaintiff,

13          v.                                     **ORDER**

14    ROCKET MORTGAGE, LLC,

15                   Defendant.

16

17          This matter is before the Court on Defendant Rocket Mortgage, LLC's ("Defendant")

18    Motion for Reconsideration.  (ECF No. 49.)  Plaintiff Nicole Hickcox ("Plaintiff") filed an

19    opposition.  (ECF No. 51.)  Defendant filed a reply.  (ECF No. 54.)  For the reasons set forth

20    below, the Court DENIES Defendant's motion.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1    I.    FACTUAL AND PROCEDURAL BACKGROUND

2         This case arises out of a dispute regarding home insurance coverage.  On October 15,

3    2019, Plaintiff executed a promissory note in favor of Defendant, in the amount of $171,762 (the

4    "Note") to refinance real property located at 4371 Park Woods Dr., Pollock Pines, California,

5    95726 (the "Property").  (ECF No. 41-1 at 2.)  That same day, Plaintiff executed and granted a

6    Deed of Trust in favor of Defendant on the Property to secure payment for the Note.  (*Id.*)  The

7    Note and Deed of Trust will be collectively referred to as the "Refinance Loan."  (*Id.*)  Defendant

8    is the originator and servicer of the Refinance Loan.  (*Id.*)

9         The Deed of Trust requires Plaintiff to maintain hazard insurance on the Property.  (*Id.*)

10   In July 2019, prior to closing the Refinance Loan, Plaintiff obtained two different hazard

11   insurance policies: one from California Fair Plan ("CFP") and one from California State

12   Automobile Association ("CSAA").  (*Id.* at 3.)  AAA acted as Plaintiff's broker.  (*Id*. at 5.)  The

13   Deed of Trust also requires Defendant to hold Plaintiff's funds in escrow for the purpose of

14   paying insurance premiums as they come due.  (*Id.* at 2–3.)

15        When Defendant originated the Refinance Loan in its system, Defendant incorrectly

16   inputted the CSAA policy as the top line policy.  (ECF No 41-1. at 4–5.)  If the policies had been

17   put into Defendant's system correctly, the CSAA payment would have been sent to AAA, while

18   the CFP payment would have gone to CFP directly.  (*Id.* at 5.)  Because the policies were entered

19   into Defendant's system incorrectly, Defendant did not send CFP any money and instead sent

20   AAA money for both the CFP policy and the CSAA policy.  (*Id.*)  When AAA received this

21   overpayment, it issued Plaintiff a direct refund for the CFP policy amount but did not notify

22   Defendant of the mistake.  (*Id.* at 6.)  Due to Defendant's failure to pay the CFP premium, the

23   policy lapsed in January 2020 (the "first lapse").  (ECF No. 39-6 at 7.)

24        On March 16, 2020, Plaintiff suffered damage to the exterior deck of her home (the

25   "Loss").  (ECF No. 41-1 at 6.)  The parties dispute the specific cause of the loss.  (*See* ECF No.

26   39-6 at 7; ECF No. 41-1 at 6–7.)  Plaintiff asserts the loss was caused by a windstorm (a covered

27   peril under the CFP policy), while Defendant claims the loss was caused by heavy snow and/or

28   record precipitation (a non-covered peril under the CFP policy).  (ECF No. 39-6 at 7.)

1    Around June 2020, Plaintiff told Defendant about the loss and that the CFP policy was not

2    active at the time of the loss.  (*Id.* at 8.)  In response, Defendant contacted Assurant, Defendant's

3    exclusive provider of lender-placed policies, to purchase hazard insurance on Plaintiff's behalf

4    that would retroactively cover the loss.  (*Id.* at 9, 15.)  Defendant purchased a policy through

5    Assurant to adjust Plaintiff's otherwise uninsured loss and billed Plaintiff in the amount of $1,206

6    from her impound account to pay for the policy.  (*Id.* at 9.)  The Assurant policy provided

7    coverage for the repair of damage to Plaintiff's home but did not provide coverage for contents or

8    loss of use.  (*Id.* at 10.)  Assurant investigated Plaintiff's claim and decided to retroactively cover

9    the loss in the amount of $5,170.33.  (ECF No. 41-1 at 12–13.)

10    Following the close of Assurant's retroactive policy, Plaintiff renewed her CFP policy in

11    October 2020.  (ECF No. 41-1 at 12.)  Plaintiff's AAA broker sent the renewed application on

12    Plaintiff's behalf.  (*Id.* at 13.)  However, Plaintiff's broker did not update the application to reflect

13    Defendant's new address on the application's mortgagee clause.  (*Id.*)  The new policy therefore

14    lapsed again due to failure to pay (the "second lapse").  (*Id.*)  Defendant subsequently notified

15    Plaintiff it would purchase hazard insurance on her behalf because the CFP policy expired.  (ECF

16    No. 39-6 at 14.)  Accordingly, on December 13, 2021, after two prior notices, Defendant sent

17    Plaintiff a notice of force-placed insurance.  (ECF No. 44-1 at 14.)

18    On March 8, 2022, Plaintiff filed this action against Defendant alleging: (1) violations of

19    12 U.S.C. § 2605(g), (k) ("§ 2605") of the Real Estate Settlement Procedures Act ("RESPA") and

20    California Financial Code § 50505; (2) breach of fiduciary duty; (3) breach of contract; (4) breach

21    of the covenant of good faith and fair dealing; and (5) negligence.  (ECF No. 1.)  Plaintiff moved

22    for partial summary judgment on the RESPA and breach of fiduciary duty claims and voluntarily

23    dismissed all remaining claims.  (ECF Nos. 32, 33.)  Defendant opposed Plaintiff's motion and

24    filed a countermotion for summary judgment.  (ECF No. 39.)

25    On February 29, 2024, the Court denied Plaintiff's motion for summary judgment.  (ECF

26    No. 48 at 15.)  In the same order, the Court granted Defendant's countermotion for summary

27    judgment as to Plaintiff's § 2605(g) claim pertaining to the second lapse, and as to the § 2605(k)

28    claims pertaining to both the first and second lapse.  (*Id.*)  The Court denied Defendant's motion

1    in all other respects.  (*Id.*)  Accordingly, the only remaining claims in this action are: (1) violation

2    of § 2605(g) as it pertains to the first lapse; and (2) breach of fiduciary duty as it relates to the

3    first lapse.  On March 27, 2024, Defendant filed the instant motion for reconsideration.  (ECF No.

4    49 at 1.)

5         **II.    STANDARD OF LAW**

6         The Court may grant reconsideration under either Federal Rule of Civil Procedure

7    ("Rule") 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A

8    motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the

9    entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a

10   motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of

11   judgment.  *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks &*

12   *Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Otherwise, it is

13   treated as a Rule 60(b) motion for relief from judgment or order.  *Id.*

14        Under Rule 60(b), the Court may relieve a plaintiff from a final judgment, order, or

15   proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable

16   neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

17   discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

18   intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

19   void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

20   judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

21   (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

22        "A motion for reconsideration should not be granted, absent highly unusual

23   circumstances, unless the district court is presented with newly discovered evidence, committed

24   clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals,*

25   *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "A motion for

26   reconsideration may not be used to raise arguments or present evidence for the first time when

27   they could reasonably have been raised earlier in the litigation."  *Id.* (emphasis in original).

28   ///

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

Moreover, district courts retain inherent authority to revise interim or interlocutory orders any time before entry of judgment.  *See, e.g.*, *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment") (citation omitted)); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989); Fed. R. Civ. P. 54(b).  A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law.  *Washington v. Garcia*, 977 F. Supp. 1067, 1068–69 (S.D. Cal. 1997).  But a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

### III.    ANALYSIS

Defendant requests the Court reconsider its denial of summary judgment as to Plaintiff's § 2605(g) claim related to the first lapse.  (ECF No. 49.)  The RESPA imposes certain statutory responsibilities on loan servicers regarding borrowers' accounts.  *See generally* 12 U.S.C. § 2605. A plaintiff bringing a RESPA claim must show: (1) a statutory violation based on the defendant's failure to comply with RESPA; and (2) that actual damages resulted from the violation.  *Read v. Cenlar FSB*, No. EDCV 21-504 JGB, 2021 WL 6618659, at *6 (C.D. Cal. Sept. 30, 2021).

In its prior order, the Court concluded Defendant violated § 2605(g) by failing to pay Plaintiff's CFP premiums out of the designated escrow account.  (ECF No. 48 at 7); *see* 12 U.S.C. § 2605(g) (requiring that where the terms of a loan require the borrower to make payments into an escrow account for insurance premiums, "the servicer shall make payments from the escrow account for such . . . insurance premiums . . . in a timely manner as such payments become due").

However, the Court concluded there are triable issues as to actual damages and denied summary judgment on that basis.[1]  (ECF No. 48 at 7–10.)  In its summary judgment briefing, Defendant argued there are no actual damages because the $5,170.33 Assurant paid for the repairs to Plaintiff's deck made her whole.  (ECF No. 39-1 at 12.)  The Court disagreed.  (ECF No. 48 at 8.)  The Court found there is sufficient evidence to create at the very least a reasonable inference that Plaintiff would have recovered more under the CFP policy than she did under the Assurant policy.  (*Id.*)  As an example, the Court pointed out there is evidence the CFP policy afforded coverage for contents and loss of use, while the Assurant policy did not.  (*Id.*)  In addition, the Court found there are triable issues as to whether Plaintiff's purported mental distress constituted actual damages.  (*Id.* at 8–9.)

In moving for reconsideration, Defendant argues the Court's decision constituted clear error and/or would result in manifest injustice.  (ECF No. 49 at 4.)  Defendant's motion lacks clarity, but the Court gleans three main arguments from the motion: (1) there is insufficient evidence Plaintiff would have recovered more under the CFP policy; (2) Plaintiff's mental distress damages do not constitute actual damages under RESPA; and (3) Plaintiff cannot bring this action because she failed to comply with her obligations under the Deed of Trust.  (*Id.* at 4–13.)  The Court will address Defendant's arguments in turn.

A.  Whether Plaintiff Would Have Recovered More Under the CFP Policy

Defendant first takes issue with the Court's conclusion that there are triable issues as to whether Plaintiff would have recovered more under the CFP policy than she did under the Assurant policy.  (ECF No. 49 at 4–5.)  In reaching this conclusion, the Court relied on various pieces of evidence: (1) Plaintiff's declaration stating she suffered more than $10,000 to her contents and more than $75,000 in damage to the home; (2) Defendant's admission that the Assurant policy did not afford coverage for contents or loss of use; and (3) the deposition of Defendant's Person Most Knowledgeable ("PMK") that the CFP policy afforded coverage for

---

[1]     The Court addressed both parties' motions for summary judgment together, as there were overlapping arguments.  Both parties failed to persuade the Court they are entitled to judgment as a matter of law on the issue of actual damages.

1    contents and loss of use while the Assurant policy did not.  (ECF No. 48 at 8.)  The Court found

2    this evidence, taken together, creates at the very least a reasonable inference that Plaintiff would

3    have recovered more under the CFP Policy than she did under the Assurant policy.  (*Id.*)

4            In the instant motion for reconsideration, Defendant argues there is no evidence the CFP

5    Policy would have covered loss of use.  (ECF No. 49 at 5–6 (citing ECF No. 39-3 at 242).)  Next,

6    Defendant argues even if the CFP policy could be interpreted to cover loss of use, Plaintiff failed

7    to plead any facts about contents or loss of use in the Complaint.  (*Id.* at 7.)  Defendant also

8    argues Plaintiff never made a claim to Defendant for contents or loss of use, and Plaintiff herself

9    stated there was no interior damage or damage to any contents.  (*Id.* at 8–9.)

10           Defendant raised some of these arguments in its motion for summary judgment.  (*See,*

11   *e.g.*, ECF No. 39-1 at 12 (arguing Plaintiff never advised Defendant there was any kind of loss

12   other than her deck, Plaintiff does not provide evidence for additional damages, and Plaintiff

13   advised the adjuster at her property there was no personal property loss or interior damage).)

14   However, Defendant failed to cite evidence or legal authority to support those vague,

15   undeveloped arguments.  (*Id.*)  Defendant also argued in its motion for summary judgment that

16   the CFP policy would not have covered the loss, but Defendant's argument was that Plaintiff

17   failed to establish a covered peril caused the loss.  (*Id.* at 13–14, 16.)  Defendant did not argue, as

18   it does now, that the CFP policy did not cover contents or loss of use, and Defendant fails to

19   adequately explain why it failed to raise this argument sooner.[2]  As to Defendant's argument that

20   Plaintiff failed to plead facts about contents or loss of use in the Complaint, Defendant raised this

21   argument for the first time in its reply brief despite having the opportunity to raise such an

22   argument in its original motion.  (ECF No. 42 at 6.)  Lastly, while Defendant asserts the Court

23   incorrectly relied on Plaintiff's self-serving declaration, Defendant ignores that the Court

24   considered other evidence as well — namely, Defendant's PMK deposition testimony that the

25   CFP policy covered both loss of use and contents.  (ECF No. 32-4 at 102.)

26   _____

[2]        In her motion for summary judgment, Plaintiff argued she suffered actual damages based
27   on uncompensated losses for: repairs to her home; replacement of her personal property; costs
     associated with alternative housing during repairs of her home; and emotional distress.  (ECF No.
28   32-1 at 12–13, 18.)  She also repeatedly mentioned contents and loss of use.  (*Id.* at 5–6, 8–10.)

As the Court stated in its prior order, the summary judgment briefing from both parties lacked clarity. (ECF No. 48 at 7–8.) Many of Defendant's arguments lacked citations to evidence or authority and were devoid of meaningful analysis. In the instant motion for reconsideration, Defendant improperly attempts to bolster its earlier arguments and raises new arguments that could have been raised in its motion for summary judgment. *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 ("A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (citation and internal quotation marks omitted) (emphasis in original); *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) ("A motion for reconsideration may not be used to get a second bite at the apple.") (citation and quotation marks omitted).

For these reasons, the Court DENIES Defendant's motion to reconsider as to the Court's finding that there are triable issues about whether Plaintiff would have recovered more under the CFP policy than she did under the Assurant policy.

### B. Whether Plaintiff's Mental Distress Damages Constitute Actual Damages

Defendant next requests the Court reconsider its finding that Plaintiff's potential mental distress damages also created a triable issue as to actual damages. (ECF No. 49 at 9.) In its prior order, the Court noted that Plaintiff alleges in her declaration that she suffered "substantial stress, upset, and financial worry" because of the CFP policy lapse. (ECF No. 48 at 8.) The Court then noted that while Defendant asserted in its reply brief that RESPA does not cover "that type of damage," Defendant failed to provide authority to support its assertion. (*Id.* at 9.) The Court went on to cite two district court cases that found emotional distress damages may constitute actual damages for RESPA violations. (*Id.* (citing *Veloz v. Green Tree Servicing LLC*, No. CV-13-00915-PHX-DGC, 2014 WL 2215866, at *4 (D. Ariz. May 29, 2014); *Craig v. Capital One, N.A.*, No. CV 17-3788-DMG (AJWx), 2018 WL 5857987, at *6 (C.D. Cal. Apr. 10, 2018)).)

In moving for reconsideration, Defendant argues the Court's statement that Defendant failed to provide authority was inaccurate because Defendant cited two cases holding that a borrower may not recover actual damages for nonpecuniary losses under RESPA. (ECF No. 49 at 9 (citing *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010);

1    *Spraggins v. Caliber Home Loans, Inc.*, No. 3:20-cv-01906-S-BT, 2020 WL 8366645, at *7

2    (N.D. Tex. Dec. 31, 2020)).)  Defendant also argues there is insufficient evidence, other than

3    Plaintiff's self-serving declaration, to establish that she suffered emotional distress.  (ECF No. 49

4    at 10 (citing *Storms v. Flagstar Bank, FSB*, No. 2:22-cv-00650-RAJ, 2023 WL 3723557, at *6

5    (W.D. Wash. May 30, 2023)).)

6          The Court notes that Defendant did not raise arguments about Plaintiff's alleged

7    emotional distress in its motion for summary judgment and only included such arguments in its

8    reply brief.  In its reply brief, Defendant cited *Lal* and *Spraggins* for general legal standards, but

9    Defendant did not adequately analyze how those cases apply to Plaintiff's specific allegations.

10   (ECF No. 42 at 5–6.)  Defendant fails to address the fact that neither *Lal*, *Spraggins*, nor

11   Defendant's newly cited case, *Storms*, involved violations of § 2605(g), and all those cases appear

12   to be factually distinct from the instant case.  Defendant also fails to address the Court's citation

13   to *Veloz* and *Craig*, two district court cases that found damages for emotional distress may

14   constitute actual damages under RESPA.  (ECF No. 48 at 9.)  As to the sufficiency of the

15   evidence of Plaintiff's emotional distress, Defendant could have raised this argument in its

16   original briefing and does not explain why it failed to do so.

17         Accordingly, the Court DENIES Defendant's motion to reconsider as to the Court's

18   finding that there are triable issues about whether Plaintiff's potential mental distress damages

19   constitute actual damages.

20                    C.  Plaintiff's Obligations Under the Deed of Trust

21         Lastly, Defendant argues Plaintiff is prohibited from suing Defendant because Plaintiff

22   never notified Defendant of loss of contents, loss of use, or any other damages, as required by the

23   Deed of Trust.  (ECF No. 49 at 11–12.)  Defendant touched on this argument in its motion for

24   summary judgment.  (ECF No. 39-1 at 12 (arguing Plaintiff never advised Defendant there was a

25   loss to personal property, interior damage, or any other kind of loss other than her deck).)  In its

26   prior order, the Court stated Defendant failed to cite any authority explaining how Plaintiff's

27   purported obligations under the Deed of Trust impact Defendant's liability under RESPA.  (ECF

28   No. 48 at 7.)  Although Defendant appears to provide fuller argument on the issue in the instant

1   motion, Defendant fails to adequately explain why it failed to make these arguments in its motion

2   for summary judgment.  Therefore, the Court DENIES Defendant's motion to reconsider as to

3   arguments about Plaintiff's obligations under the Deed of Trust.

4        In sum, Defendant fails to persuade the Court that its denial of summary judgment

5   "represented clear error or would work a manifest injustice."  *Christianson*, 486 U.S. at 817.

6   Defendant's summary judgment briefing was disorganized, undeveloped, and unclear, and

7   Defendant ultimately failed to persuade the Court that it was entitled to judgment as a matter of

8   law on the issue of actual damages.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)

9   (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) (per curiam) ("[J]udges are

10  not like pigs, hunting for truffles buried in briefs.")).  Defendant cannot remedy its deficient

11  briefing by using a motion for reconsideration to raise new or improved arguments that could

12  have been brought in its original motion.  *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

13  Accordingly, the Court DENIES Defendant's Motion for Reconsideration in full.

14       **IV.    CONCLUSION**

15       For the foregoing reasons, the Court DENIES Defendant's Motion for Reconsideration.

16  (ECF No. 49.)  The parties are ORDERED to file a Joint Status Report within thirty (30) days of

17  the electronic filing date of this Order indicating their readiness to proceed to trial on Plaintiff's

18  remaining claims and proposing trial dates.

19       IT IS SO ORDERED.

20       Date: January 24, 2025

21

22

23  _____

24  TROY L. NUNLEY
    CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28