UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE HICKCOX,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>ROCKET MORTGAGE, LLC,<br><br>　　　　　Defendant. | No. 2:22-cv-00437-TLN-CSK<br><br>**FINAL PRETRIAL ORDER**<br><br>Trial Date: November 3, 2025<br>TIME: 9:00 a.m. |

This Court held a Final Pretrial Conference on August 21, 2025.  Plaintiff Nicole Hickcox ("Plaintiff") is represented by Dylan Schaffer and Edward Kerley.  Defendant Rocket Mortgage LLC ("Defendant") is represented by Kirby McDonough and Maria Bellafronto.  After the hearing, the Court makes the following findings and orders:

**I.    JURISDICTION / VENUE**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is appropriate in the Eastern District of California, Sacramento Division, under 28 U.S.C. § 1391.

**II.    JURY OR NON-JURY TRIAL**

This matter shall be tried before a jury.  The Court shall empanel eight (8) jurors.

///

///

1

**III.    DATE AND LENGTH OF TRIAL**

Trial is scheduled for **Monday, November 3, 2025**.  The Court will allow up to four (4) days for trial.

**IV.    TIME LIMITS FOR OPENINGS, CLOSINGS, AND REBUTTAL**

The Court grants Plaintiff forty (40) minutes for opening and forty (40) minutes for closing.  The Court grants Defendant (40) minutes for opening and forty (40) minutes for closing.

**V.    STIPULATED/UNDISPUTED FACTS**

The parties stipulate to the following facts:

1. Hickcox had a mortgage with Defendant Rocket Mortgage.
2. The Rocket mortgage required Ms. Hickcox to maintain insurance on the Property.
3. The Rocket mortgage required Ms. Hickcox to pay for her property insurance by making monthly payments into an impound account held by Rocket.
4. Ms. Hickcox obtained property insurance with California FAIR Plan.
5. The FAIR Plan policy covered damage to house and personal property due to windstorm.
6. Rocket was required to pay the FAIR Plan premiums.
7. Rocket failed to pay the Fair Plan premiums and for that reason the FAIR Plan policy was not in force in March 2020.
8. On March 16, 2020, Plaintiff suffered a loss due to a snowstorm.
9. On April 9, 2021, Ms. Hickcox was paid $5,170.33 for the loss.
10. On or about July 2021, Ms. Hickcox submitted a preliminary estimate in the amount of $32,606.35.
11. On or about January 20, 2022, Ms. Hickcox submitted a revised preliminary repair estimate in the amount of $63,273.44.
12. At no point after April 4, 2021, did Rocket pay anything further for repair or damage.

Plaintiff contends the following facts are also undisputed:

1. The predominant or most important cause of the loss was windstorm.
2. The cost to repair the house is $141,466.48.
3. The period of restoration for the house is three months.

1    4.  The fair rental value of the property for the period of restoration is $3000/month.

2  **VI.    DISPUTED FACTUAL ISSUES**

3  Plaintiff contends the following factual issues are disputed:

4    1.  The appropriate compensation for Ms. Hickcox's loss of use.

5    2.  The appropriate compensation for Ms. Hickcox's personal property.

6    3.  The appropriate compensation for Ms. Hickcox's emotional distress.

7    4.  The amount of pre-judgment interest.

8    5.  Whether Rocket Mortgage or its managing agent acted with, approved, or ratified conduct

9       that amounts to fraud, malice, and/or oppression.

10    6.  Rocket Mortgage's financial condition.

11    7.  The appropriate amount of exemplary damages.

12  Defendant contends the following factual issues are disputed:

13    1.  The cause of damage to Plaintiff's deck was weight of snow; not a "windstorm" as

14       Plaintiff claims and was not covered by the CFP Policy.

15    2.  The damage to Plaintiff's deck did not cause any further damage to Plaintiff's home or

16       personal effects.

17    3.  The weight of snow that caused the loss to Plaintiff's deck was not a "windstorm" as that

18       term is used in the California Fair Plan Policy.

19    4.  Plaintiff has not suffered any "emotional distress" damages caused by any RESPA

20       violations or any other violations.

21    5.  Plaintiff was provided funds she should have never received because the loss was due to

22       weight of snow that was not covered by her CFP policy.

23    6.  Plaintiff misled Rocket Mortgage and Assurant that her loss was due to windstorm.

24    7.  Plaintiff did not suffer loss of use damages.

25    8.  There are no repairs to her home that will require three months loss of use.

26    9.  Plaintiff is not sensitive to noise.

27    10. Plaintiff was not harmed by setting up a policy through Assurant.

28    11. Plaintiff was not harmed as the result of a RESPA violation.

12. Plaintiff was not harmed by any breach of fiduciary duty.

**VII.    DISPUTED EVIDENTIARY ISSUES & MOTIONS *IN LIMINE***

The Court sets the filing deadline for motions *in limine* as **October 10, 2025**, with opposition briefs due by **October 17, 2025**, and reply briefs due by **October 24, 2025**.  The Court set a hearing to rule on the motions *in limine* to take place on **November 3, 2025,** at 9:00am in Courtroom 2 before Judge Troy L. Nunley.

**VIII.    POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than **fourteen days** prior to the date of trial in accordance with Local Rule 285.

**IX.    ABANDONED ISSUES**

Plaintiff's sole remaining claims are: (1) violation of 12 U.S.C. § 2605 as it pertains to the first lapse; and (2) breach of fiduciary duty as it relates to the first lapse.

**X.    WITNESSES**

Plaintiff and Defendant's lists of prospective witnesses are memorialized in the Joint Pretrial Statement and are incorporated herein.

A.    No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B.    Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

4

## XI.    EXHIBITS — SCHEDULES AND SUMMARIES

Plaintiff and Defendant's lists of proposed exhibits are memorialized in the Joint Pretrial Statement and are incorporated herein.

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office:  pink for Plaintiff and blue for Defendant.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial.  All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

A.    The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B" below.

B.    Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

C.    As to each exhibit, each party is ordered to exchange a copy identical to the

1    Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than**

2    **October 27, 2025.**

3          D.     The attorney or representative for each party is directed to present one copy of the

4    exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., on October 27,**

5    **2025**, or at such earlier time as may be ordered by the Court.  The Court shall be presented with a

6    copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or

7    letter.  Each binder shall be no larger than three inches in width and have an identification label

8    on the front and side panel.

9          E.     It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s)

10    if needed.

11    **XII.**    **DISCOVERY DOCUMENTS**

12          A.     Lodging Deposition Transcripts and Video Files

13          It is the duty of counsel to ensure that any deposition transcripts which are to be used at

14    trial have been lodged with the Clerk of the Court **no later than October 27, 2025**.  The parties

15    are cautioned that a failure to discharge this duty may result in the Court precluding use of the

16    deposition or imposition of such other sanctions as the Court deems appropriate.

17          B.     Use of Depositions

18          If the parties intend to use depositions at trial, they are ordered to file with the Court and

19    exchange between themselves **no later than October 27, 2025,** a final statement designating

20    portions of depositions intended to be offered or read into evidence (except for portions to be

21    used only for impeachment or rebuttal).

22          C.     Interrogatories and Admissions

23          To the extent the parties intend to offer or read into evidence any portions of Answers to

24    Interrogatories or Admissions, a statement designating those discovery responses shall also be

25    filed and exchanged **no later than October 27, 2025** (except portions to be used only for

26    impeachment or rebuttal).

27    **XIII.**   **FURTHER DISCOVERY OR MOTIONS**

28          Discovery is closed and the deadline to file dispositive motions has passed.  Defendant

states it will file a motion for leave to re-open fact discovery but has yet to file any such motion.

Plaintiff does not anticipate filing any further motions aside from motions *in limine*.

## XIV.   STIPULATIONS

There are no stipulations between the parties.

## XV.   AMENDMENTS

The parties do not anticipate any further amendments or dismissals.

## XVI.   SETTLEMENT CONFERENCE

At the Final Pretrial Conference, both parties agreed to attend a settlement conference. The Court scheduled a settlement conference to occur before **Magistrate Judge Sean C. Riordan on October 22, 2025, at 10:00am via Zoom**.

## XVII.   AGREED STATEMENTS — JOINT STATEMENT OF CASE

The parties are directed to meet and confer and to file a joint statement of the case **no later than September 11, 2025**. If the parties are unable to agree to a joint statement, the parties may submit separate statements in separate filings **no later than October 6, 2025**.

## XVIII.   SEPARATE TRIAL OF ISSUES

There will be no separate trial of issues.

## XIX.   IMPARTIAL EXPERTS – LIMITATION OF EXPERTS

The parties do not seek appointment of an impartial expert or any limitation on the number of expert witnesses. The court will not appoint an impartial expert witness or at this point limit the number of expert witnesses, subject to the prevailing rules, other provisions of this order and other court orders applicable to the calling of expert witnesses.

## XX.   ATTORNEYS' FEES

Plaintiff's Position:

Plaintiff will seek fees and costs pursuant to a notice motion assuming she prevails at trial on her RESPA cause of action. Plaintiff states she does not believe Defendant's request for fees is supported by the statute or any case or secondary authority. Further, Plaintiff contends any fees that might be awarded to Defendant pursuant to the terms of the deed of trust are beyond the jurisdiction of this Court given there is no cross-complaint or other cognizable claim by

7

Defendant for breach of the deed or demand for fees under the deed.

Defendant's Position:

Defendant will seek to recover attorneys' fees and costs pursuant to RESPA and the Deed of Trust.

**XXI.  TRIAL EXHIBITS AND TRIAL PROTECTIVE ORDER**

Neither party requests a trial protective order or special handling of trial exhibits pursuant to Local Rule 138(e).

**XXII.  PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM**

A.  Jury Instructions

The parties shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable.  All instructions shall be, to the extent possible, concise, understandable, and free from argument.  *See* Local Rule 163(c).  **Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.** Pursuant to Local Rule 163, jury instructions shall be filed with the Court **no later than October 27, 2025.**

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

B.  Verdict Form

The parties must file a joint verdict form(s) concurrently with proposed jury instructions **no later than October 27, 2025**.  If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  *See* Local Rule 163(e).

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

C.  Voir Dire

The parties shall submit proposed voir dire questions to the Court.  The Court reserves the right to conduct all examination of prospective jurors.  Pursuant to Local Rule 162.1, the voir dire

8

1  questions shall be filed with the Court **no later than October 27, 2025**.

2        If the parties are unable to agree to a joint filing, the parties may submit separate filings.

3  **XXIII. AUDIO/VISUAL EQUIPMENT**

4        The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-**

5  **one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on

6  the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date

7  and time for such orientation.

8  **XXIV. OBJECTIONS TO PRETRIAL ORDER**

9        Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to

10  object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be

11  modified only upon a showing of manifest injustice.  If no objection or modifications are made,

12  this Order will become final without further order of the Court and shall control the subsequent

13  course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

14        IT IS SO ORDERED.

15  **Date: August 25, 2025**

16

17

18  _____

19  TROY L. NUNLEY
    CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28