UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE HICKCOX,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC,<br><br>    Defendant. | No. 2:22-cv-00437-TLN-CSK<br><br>**ORDER** |

    This matter is before the Court on Plaintiff Nicole Hickcox's ("Plaintiff's") Request for Modifications to the Pre-Trial Order.  (ECF No. 73.)  Defendant Rocket Mortgage, LLC ("Defendant") filed an opposition.  (ECF No. 77.)  For the reasons set forth below, Plaintiff's request is DENIED.

    Plaintiff requests two modifications to the Court's Final Pretrial Order entered on August 26, 2025 (ECF No. 71):

1. Stipulated Fact 8 should be modified to read: "In March 2020, Plaintiff suffered a loss due to a storm."
2. Plaintiff should be permitted to use in its case deposition testimony for a witness on Rocket's witness list, Christine Binder, who testified as the Rule 30(b)(6) witness for Rocket's insurance vendor, Assurant, which was the entity that

1

1 concluded Ms. Hickcox's home had suffered a loss from a windstorm.
2 (ECF No. 73 at 2.)
3 Plaintiff argues the original Stipulated Fact 8, "On March 16, 2020, Plaintiff suffered a
4 loss due to a snowstorm," is confusing and misleading because Plaintiff did not previously know
5 Defendant intended to argue the cause of Plaintiff's loss was a collapse due to the weight of
6 snow. (*Id.* at 4.) Plaintiff goes on to explain that she had planned to use Christine Binder's
7 deposition for cross-examination purposes, but now wants to use it for Plaintiff's case because
8 Defendant "seeks to turn the case into a causation battle[.]" (*Id.* at 5–6.) In opposition,
9 Defendant provides and cites to records showing its theory about the weight of snow was
10 previously disclosed. (ECF No. 77 at 3–4.)
11 The Final Pretrial Order specifies that modifications will only be made "upon a showing
12 of manifest injustice." (ECF No. 71 at 9.) Having considered the parties arguments, the Court
13 finds Plaintiff has failed to demonstrate how maintaining Stipulated Fact 8 in its original form is
14 manifest injustice. Further, the Final Pretrial Order already contains a process for the use of
15 deposition transcripts and other discovery documents. (*Id.* at 6.) Plaintiff does not explain what
16 she seeks to modify, and the Court will not prematurely rule on the admissibility of deposition
17 transcripts by way of a modification to the Final Pretrial Order.
18 Accordingly, Plaintiff's Request for Modifications to the Pre-Trial Order (ECF No. 73) is
19 DENIED.
20 IT IS SO ORDERED.
21 DATE: October 7, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE