BROWN WHITE & OSBORN LLP
KENNETH P. WHITE (Bar No. 173993)
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone:  213.613.0500
Facsimile:   213.613.0550
kwhite@brownwhitelaw.com

SPENCER FANE LLP
Kirby McDonough
201 North Franklin Street, Suite 2150
Tampa, FL 33602
Telephone:  813.424.3501
kmcdonough@spencerfane.com

Attorneys for Defendant
Rocket Mortgage, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE HICKCOX, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC, a Michigan Limited Liability Corporation, and DOES 1-10,<br><br>Defendants. | Case No.:  2:22-CV-00437-TLN-KJN<br><br>**DEFENDANT ROCKET MORTGAGE, LLC'S PROPOSED JURY INSTRUCTIONS**<br><br>Date:        November 5, 2025<br>Time:        9:00 a.m.<br>Ctrm:        2<br>Judge:      Hon. Troy L. Nunley |

Defendant Rocket Mortgage, LLC ("Rocket"), pursuant to L.R. 163(b), submits its Proposed Jury Instructions.  Instructions listed below in italics are to be given only if circumstances arise requiring them.

| Jury Instruction Number and Source/Identification/Description | Rejected | Given | Given as Modified | Date |
|---|---|---|---|---|
| 1.2 Duty of Jury (Initial Set) | | | | |
| 1.5 Claims And Defenses (Initial Set) | | | | |
| 4.1 Corporations and Partnerships – Fair Treatment | | | | |
| 1.6  Burden of Proof—Preponderance of the Evidence (Initial Set) | | | | |
| 1.7  Burden of Proof – Clear and Convincing Evidence | | | | |
| 1.9 What is Evidence (Initial Set) | | | | |
| 1.10 What is Not Evidence (Initial Set) | | | | |
| 1.11 Evidence for Limited Purpose (Initial Set) | | | | |
| 1.12 Direct and Circumstantial Evidence (Initial Set) | | | | |
| 1.13 Ruling on Objections (Initial Set) | | | | |
| 1.14 Credibility of Witnesses (Initial Set) | | | | |
| 1.15 Conduct of the Jury (Initial Set) | | | | |
| 1.16 Publicity During Trial (Initial Set) | | | | |
| 1.17 No Transcript Available to Jury (Initial Set) | | | | |
| 1.18 Taking Notes (Initial Set) | | | | |
| 1.20 Bench Conferences and Recesses (Initial Set) | | | | |
| 1.21 Outline of Trial (Initial Set) | | | | |
| 2.2 Stipulations of Fact | | | | |
| 2.4  Deposition In Lieu Of Live Testimony | | | | |
| 2.5 Transcript of Recording in English | | | | |
| 2.9 Impeachment Evidence – Witness | | | | |
| 2.13 Expert Opinion | | | | |
| 2.14 Charts and Summaries Not Received in Evidence | | | | |
| 2.15 Charts and Summaries Received in Evidence | | | | |

DEFENDANT' PROPOSED JURY INSTRUCTIONS

| Jury Instruction Number and Source/Identification/Description | Rejected | Given | Given as Modified | Date |
|---|---|---|---|---|
| 3.1 Duty to Deliberate | | | | |
| 3.2 Consideration of Evidence – Conduct of the Jury | | | | |
| 3.3 Communication with Court | | | | |
| 3.4 Readback or Playback | | | | |
| 3.5 Return of Verdict | | | | |
| 3.7 Deadlocked Jury | | | | |
| 3.8 Continuing Deliberations After Juror is Discharged | | | | |
| Defendant's Special Instruction No. 1: Introduction to RESPA | | | | |
| Defendant's Special Instruction No. 2: Elements of RESPA Claim | | | | |
| Defendant's Special Instruction No. 3: Elements of Breach of Fiduciary Duty | | | | |
| Defendant's Special Instruction No. 4: Predominant Cause of Loss | | | | |
| Defendant's Special Instruction No. 5: Damages and Causation | | | | |
| 5.1 Damages – Proof | | | | |
| 5.2 Measures of Types of Damages | | | | |
| 5.3 Damages – Mitigation | | | | |
| 5.4 Damages Arising in the Future – Discount to Present Cash Value | | | | |
| Defendant's Special Instruction No. 6: Punitive Damages | | | | |

Dated: October 27, 2026

Respectfully submitted,

BROWN WHITE & OSBORN LLP

By    s/Kenneth P. White

KENNETH P. WHITE
Attorneys for Defendant
ROCKET MORTGAGE, LLC

3

DEFENDANT' PROPOSED JURY INSTRUCTIONS

**1.2 DUTY OF JURY**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

1

**1.4 DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## 1.5 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Nicole Hickcox claims that she suffered damages because Defendant Rocket Mortgage, LLC failed to pay her hazard insurance from an escrow account set up for that purpose, so that she was not adequately covered for loss when a deck on her house collapsed.  She claims that Rocket Mortgage violated a law called the Real Estate Settlement Procedures Act and breached a fiduciary duty to her.  Rocket Mortgage denies that claim.

Rocket Mortgage claims that Plaintiff was not damaged because it secured substitute insurance for Plaintiff and she would not have gotten a better result if she had made her claim to her original insurer.  Rocket Mortgage also claims that Plaintiff violated a duty to notify it of the nature and extent of her losses.  Plaintiff denies that claim.

**4.1 CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a limited liability company is entitled to the same fair and conscientious consideration by you as any party.

**1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.7 BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

## 1.9 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**1.10 WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it  is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to  disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

8

## 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

**1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.13 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

11

**1.14 CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**1.15 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view

any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

14

## 1.16 PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

15

## 1.17 NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

## 1.18 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

17

**1.20 BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**1.21 OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.2 STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

## 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## 2.5 TRANSCRIPT OF RECORDING IN ENGLISH

You are about to hear a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. Now that the recording has been played, the transcript will be taken from you.

**2.9 IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**2.13 EXPERT OPINION**

You have heard testimony from persons who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**3.1 DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 3.2 CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the

courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

### 3.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### 3.4 READBACK OR PLAYBACK

Because a request has been made for a readback of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony.  Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.  The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

**3.5 RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**3.7 DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

### 3.8 CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

**DEFENDANT'S SPECIAL INSTRUCTION NO. 1:  INTRODUCTION TO RESPA**

RESPA, the Real Estate Settlement Procedures Act, provides in pertinent part as follows:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

Authority:  12 U.S.C. § 2605(g).

35

**DEFENDANT'S SPECIAL INSTRUCTION NO. 2:  ELEMENTS OF RESPA CLAIM**

To prevail on her claim under RESPA, Plaintiff must prove both of the following:

1.  Rocket Mortgage violated RESPA; and

2.  That violation caused Plaintiff to suffer actual damages.

Authority:  *Read v. Cenlar FSB*, No. EDCV21504JGBSPX, 2021 WL 6618659, at *5 (C.D. Cal. Sept. 30, 2021); *Carswell v. JP Morgan Chase Bank N.A.*, 500 F. App'x 580, 582 (9th Cir. 2012) ("Plaintiff failed to allege (and cannot plausibly allege) any actual damage, which is required as an element of a RESPA claim."); *York v. Bank of Am*., No. 14-CV-02471-RS, 2015 WL 3561723, at *6 (N.D. Cal. June 8, 2015) ("In addition to the elements explained above, to state a viable RESPA claim, a plaintiff must allege that the RESPA breach resulted in actual damages.")

**DEFENDANT'S SPECIAL INSTRUCTION NO. 3 – ELEMENTS OF BREACH OF**

**FIDUCIARY DUTY**

Ms. Hickcox claims that she was harmed by Rocket Mortgage's breach of the fiduciary duty to use reasonable care.  To establish this, Ms. Hickcox must prove all of the following

1.    That Rocket Mortgage was Plaintiff's fiduciary;

2.    That Rocket Mortgage acted on Plaintiff's behalf for purposes of paying her insurance payments;

3.    That Rocket Mortgage failed to act as a reasonably careful fiduciary would have other the same or similar circumstances;

4.    That Plaintiff was harmed; and

5.    That Rocket Mortgage's conduct was a substantial factor in causing Plaintiff's harm.


Authority:   Judicial Council of California Civil Jury Instructions (2025 edition), Instruction 4101 (Failure to Use Reasonable Care – Essential Factual Elements).

37

**DEFENDANT'S SPECIAL INSTRUCTION NO. 4:  PREDOMINANT CAUSE OF LOSS**

You have heard conflicting evidence about the cause of the loss of Ms. Hickcox's deck.  Under the California FAIR Plan policy, a loss caused by wind would have been covered, but a loss caused by snow would not have been covered.  When a loss is caused by a combination of covered and excluded risks under the policy, the loss is covered only if the most important or predominant cause is a covered risk.

To prevail on her claims under RESPA and for breach of fiduciary duty, Ms. Hickcox must prove that most important or predominant cause of the loss of the deck was wind, not snow.  The verdict form has a space for you to make that determination.

Authority:  CACI No. 2306 – Covered and Excluded Risks – Predominant Cause of Loss – Modified

**DEFENDANT'S SPECIAL INSTRUCTION NO. 5:  DAMAGES AND CAUSATION**

Ms. Hickcox asserts that she was damaged because Rocket Mortgage allowed her California FAIR Plan policy to lapse.  Rocket Mortgage contends that Ms. Hickcox was not damaged because she would not have gotten more money had she submitted her claim to the California FAIR Plan instead of to Assurant.  To prevail, Ms. Hickcox must prove that she would have received more money in response to her insurance claim if her California FAIR Plan policy had been in place than she ultimately received.

Authority:   *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) ("Each party is therefore entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence.")

### 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on the Plaintiff's claims under RESPA and for breach of fiduciary duty, you must determine the plaintiffs' damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injuries you find was caused by the Defendant. You should consider the following:

The amount of money Plaintiff would have received had her California FAIR Plan policy been in place when she suffered a loss based on the claim she submitted.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**5.2 MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

The amount of money Plaintiff would have received if she had her California FAIR plan policy been in place when she suffered a loss based on the claim she submitted.

## 5.3 DAMAGES—MITIGATION

The plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1. that the plaintiffs failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

## DEFENDANT'S SPECIAL INSTRUCTION NO. 6:

## PUNITIVE DAMAGES

If you decide that Rocket Mortgage's conduct caused Ms. Hickcox's harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Ms. Hickcox has proved that Rocket Mortgage engaged in that conduct with malice, oppression, or fraud. To do this, Ms. Hickcox must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Rocket Mortgage who acted on behalf of Rocket Mortgage; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Rocket Mortgage; or

3. That one or more officers, directors, or managing agents of Rocket Mortgage knew of the conduct or approved that conduct after it occurred.

"Malice" means that Rocket Mortgage acted with intent to cause injury or that Rocket Mortgage's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Rocket Mortgage's conduct was despicable and subjected Ms. Hickcox to cruel and unjust hardship in knowing disregard of her rights. "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Rocket Mortgage intentionally misrepresented or concealed a material fact and did so intending to harm Ms. Hickcox.

43

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

Dated: October 27, 2026

Respectfully submitted,
BROWN WHITE & OSBORN LLP

By   _s/Kenneth P. White_

KENNETH P. WHITE
Attorneys for Defendant
ROCKET MORTGAGE, LLC

45